UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

Shawnita A. Yancey,

                              Plaintiff,                    **Decision and Order**

              v.                                           19-CV-123 HBS
                                                            (Consent)
Commissioner of Social Security,

                              Defendant.

===============================================

## I.   INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  The Court

has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in

brackets), and familiarity is presumed.  This case comes before the Court on cross-motions for

judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. Nos. 9,

12.)  In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the

"Commissioner") that she was not entitled to Disability Insurance Benefits under Title II, or

Supplemental Security Income under Title XVI, of the Social Security Act.  The Court has deemed

the motions submitted on papers under Rule 78(b).

## II.   DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry.  We

must first decide whether HHS applied the correct legal principles in making the determination.  We

must then decide whether the determination is supported by substantial evidence."  *Johnson v. Bowen*,

817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted).  When a district

court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by

substantial evidence, shall be conclusive.  42 U.S.C. § 405(g).  Substantial evidence is defined as "'more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts.  *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994).  When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000).  In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998).  The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion.  *Id.*  "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*."  *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous

work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ."  42 U.S.C. §§ 423(d) (2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment.  *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."  *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends.  20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, the ALJ has an affirmative duty to develop the record.  *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

physical and mental demands of the work done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).
The ALJ must then determine the individual's ability to return to past relevant work given the RFC.
*Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff challenges the Commissioner's final determination because the level of detail in the
RFC does not match the evidence in the record.  The ALJ found that plaintiff had the following
severe impairments: asthma; chronic obstructive pulmonary disease (COPD); morbid obesity;
osteoarthritis resulting in bilateral knee pain; and lumbar degenerative disc disease with sciatic pain.
[16.]  After deciding that plaintiff did not qualify under any medical listing, the ALJ settled on the
following RFC, reprinted here in its entirety:

> After careful consideration of the entire record, I find that the claimant has
> the residual functional capacity to perform sedentary work as defined in 20 CFR
> 404.1567(a) and 416.967(a) except [that she] requires the use of a cane; has the
> option to alternate between sitting and standing once every 30 minutes for 5-minutes
> without increasing time off task; occasional pushing and pulling; occasional climbing
> of ramps and stairs; occasional balancing on level surfaces; occasional stooping (i.e.,
> bending at the waist) but never kneeling, crouching (i.e., bending at the knees) and
> crawling.  In addition, [she] can never tolerate exposure to unprotected heights,
> moving machinery and moving mechanical parts; should avoid exposure to extreme
> cold, wetness and humidity and can never tolerate exposure to odors, fumes, dusts,
> gases and poor ventilation.

[18.]  Plaintiff argues that the ALJ must have interpreted bare medical findings improperly to arrive
at extensive details that do not appear in any medical opinion.  "The record contained only one
medical opinion, the opinion of consultative examiner Dr. Rosenberg from May 4, 2015."  (Dkt. No.
9-1 at 14; *see also* Dkt. No. 13 at 1–2.)  Dr. Rosenberg did offer some details that would support the
RFC.  "Dr. Rosenberg diagnosed Plaintiff with morbid obesity, high blood pressure, asthma, back
pain, minimal to mild, and moderate bilateral knee pain.  (Tr. 323).  Dr. Rosenberg opined that
Plaintiff had moderate restrictions for prolonged standing, walking, squatting, and kneeling due to
her bilateral knee pain, she should avoid smoke, dust, or other known respiratory irritants secondary

to her asthma, and she had moderate restrictions for activities that require great exertion because of

[her] history of morbid obesity.  (Tr. 323)."  (Dkt. No. 9-1 at 14.)  Dr. Rosenberg's opinion,

however, received only partial weight.  If the only medical opinion in the record received only partial

weight then plaintiff wonders how the ALJ arrived at all of the other details in the RFC:

> [T]he ALJ failed to develop the record for any further opinion evidence,
> despite finding that the opinion evidence of record was lacking and despite a limited
> treatment record which only diagnosed Plaintiff's impairments but did not provide
> any limitations that flowed from these impairments.  The ALJ's errors here warrant
> remand, as the RFC she assessed was not based upon substantial evidence.  Instead,
> the ALJ arrived at an RFC based upon her own lay interpretation of bare medical
> findings. She took bare medical findings related to complex physical conditions and
> assessed Plaintiff with a highly-specific RFC that was not based on anything but her
> own lay interpretation of the record.  For instance, there is nothing in the record that
> supports the ALJ's finding that Plaintiff would be able to perform sedentary work
> with "the option to alternate between sitting and standing once every 30 minutes for
> 5-minutes without increasing time off task," nor is this consistent with Plaintiff's
> testimony.  It is something that the ALJ concocted without any substantial evidence
> to support it, much like the rest of the RFC.

(*Id.* at 16–17.)

The Commissioner defends the RFC as resting on basic clinical information that did not

require interpretation.  "Plaintiff seems to suggest that the ALJ needed a medical opinion of her

functional limitations in order to assess her RFC.  However, this is not the standard required."  (Dkt.

No. 12-1 at 13.)  The Commissioner offers examples of how the RFC does accommodate

information in the record, including plaintiff's testimony, that the ALJ could have assessed at face

value:

> In this case, the ALJ assessed an RFC that was consistent with the record as
> a whole.  The ALJ considered Dr. Rosenberg's opinion that Plaintiff had moderate
> restrictions for prolonged standing, walking, squatting, and kneeling due to bilateral
> knee pain, and moderate restrictions for activities that required great exertion
> because of her history of morbid obesity (Tr. 15-16, 323).  Consistent with this
> opinion, the ALJ limited Plaintiff sedentary work, which primarily involves sitting,
> with no prolonged standing or walking and no crouching or kneeling (Tr. 14).  *See* 20
> C.F.R. §§ 404.1567(a), 416.967(a).  The ALJ also properly accounted for Dr.
> Rosenberg's opinion that Plaintiff should avoid smoke, dust, or other known

respiratory irritants secondary to her asthma by limiting Plaintiff to no exposure to odors, fumes, dusts, gases, or poor ventilation (Tr. 14, 16, 323).  Thus, Dr. Rosenberg's medical opinion supports the ALJ's RFC assessment.

Considering Plaintiff's treatment records and her own statements, the ALJ further found that Plaintiff required the use of a cane and the option to alternate between sitting and standing once every 30 minutes for 5 minutes (Tr. 14).  Although Plaintiff used no assistive device in 2015 (Tr. 244), treatment records indicated that she used a cane in July 2017 and February 2018 (Tr. 370, 411, 419), and Plaintiff's attorney mentioned it at the supplemental hearing (Tr. 41).  Giving Plaintiff the benefit of the doubt, the ALJ included this limitation in the RFC assessment (Tr. 14).  In addition, Plaintiff testified that she could sit about 30 minutes before needing to get up and move around, and she could stand or walk about five minutes at a time (Tr. 70-71).  The ALJ reasonably accounted for Plaintiff's testimony in the RFC assessment with the sit/stand option.  *Cf. Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112-13 (2d Cir. Mar. 25, 2010) (no error in crediting claimant's testimony about ability to lift 35 pounds).

(Dkt. No. 12-1 at 13–14.)

The Commissioner has the better argument.  "If all of the evidence we receive, including all medical opinion(s), is consistent and there is sufficient evidence for us to determine whether you are disabled, we will make our determination or decision based on that evidence."  20 C.F.R. § 404.1520b(a); *see also* 20 C.F.R. § 416.920b(a) (same).  "We will assess your residual functional capacity based on all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3); *see also* 20 C.F.R. § 416.945(a)(3) (same).  Here, Dr. Rosenberg examined plaintiff on May 4, 2015.  Dr. Rosenberg made an assessment of plaintiff's general appearance that is broadly consistent with the RFC:

No acute distress, but was short of breath at the conclusion of the examination.  Gait showed a waddling-type gait with a limp favoring the right leg. Cannot walk on heels and toes.  Squat to 25% limited by knee pain.  Stance normal. Used no assistive devices.  She did not change for the exam.  Needed no help getting on and off exam table.  Able to rise from. chair without difficulty.

[325.] The musculoskeletal examination showed full spinal flexion and range of motion as well as full range of motion of all extremities. [326.]  Some reduced range of motion was observed in

6

plaintiff's hip.  [326.]  Plaintiff had full strength in all extremities.  [326.]  Dr. Rosenberg concluded

with the following medical source statement:

> The claimant has moderate restrictions for prolonged standing, walking,
> squatting, and kneeling due to her bilateral knee pain.  The claimant should avoid
> smoke, dust, or other known respiratory irritants secondary to her asthma.  The
> claimant has moderate restrictions for activities that require great exertion because of
> history of morbid obesity.

[327.]  In all, Dr. Rosenberg's examination at least touched on every topic that the ALJ addressed in

the RFC.  The Court is mindful that the ALJ gave Dr. Rosenberg's findings and opinion partial

weight only to the extent that the examination "was a one-time exam that was performed over two

years ago."  [21.]  That is to say, the ALJ did not disagree with any portion of the examination but

only placed it in appropriate context.  "Although the ALJ's conclusion may not perfectly correspond

with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the

evidence available to make an RFC finding that was consistent with the record as a whole."  *Matta v.

Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order).  As the Commissioner further has cited,

the clinical notes in the record acknowledge plaintiff's morbid obesity and asthma but do not offer

any information that would create a discrepancy from Dr. Rosenberg's findings and that would

require further investigation.  [*E.g.*, 360.]  *Cf. Tankisi v. Comm'r*, 521 F. App'x 29, 34 (2d Cir. 2013)

(summary order) ("The medical record in this case is quite extensive.  Indeed, although it does not

contain formal opinions on Tankisi's RFC from her treating physicians, it does include an

assessment of Tankisi's limitations from a treating physician, Dr. Gerwig.  Given the specific facts of

this case, including a voluminous medical record assembled by the claimant's counsel that was

adequate to permit an informed finding by the ALJ, we hold that it would be inappropriate to

remand solely on the ground that the ALJ failed to request medical opinions in assessing residual

functional capacity.") (citations omitted).  The record here required no interpretation at the level that

caused concern in *Brown v. Apfel*, 174 F.3d 59 (2d Cir. 1999).  *See id.* at 63 (ALJ decided on his own that plaintiff's "seizures were caused by a failure to take his medication" when no treatment provider said so).

To the extent that plaintiff has raised minor discrepancies between the clinical notes, Dr. Rosenberg's opinions, and the RFC, resolving factual discrepancies within a certain range of opinions is where the substantial-evidence rule has maximum effect.  "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence."  *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (internal quotation marks and citation omitted); *see also Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) ("We examine evidence both supporting and detracting from the decision, and we cannot reverse the decision merely because there exists substantial evidence supporting a different outcome.") (citation omitted); *Henderson v. Comm'r*, No. 18-CV-00072, 2019 WL 3237343, at *5 (W.D.N.Y. July 18, 2019) (affirming ALJ resolution of RFC where treating physician records supported exertional limits despite other evidence in the record).  Under these circumstances, the Court is obligated to affirm the Commissioner's final determination regardless of how it might have viewed the evidence in the first instance.

### III.   CONCLUSION

The Commissioner's final determination was supported by substantial evidence.  For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 12) and denies plaintiff's cross-motion (Dkt. No. 9).

The Clerk of the Court is directed to close the case.

SO ORDERED.

_____/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: April 29, 2020